IDA SILVERSTEIN, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

(Argued May 14, 1930; decided June 3, 1930.)

*Dean Potter, Charles B. LaVoe, Edward M. Grout* and *Paul Grout* for appellant. Assuming that the insured did slip and that he was struck by the can there can be no recovery under the terms of the policy because his death was caused or contributed to by a disease or a bodily infirmity. (*Smith* v. *Mass. B. & I. Co.*, 207 App. Div. 682; 241 N. Y. 558; *Penn* v. *Standard L. I. Co.*, 160 N. C. 399.)

*B. B. Fensterstock, Bernard Gordon* and *Isidor Block* for respondent. The jury's finding that the insured's death was not caused in whole or in part by disease or bodily infirmity, but was caused directly and independently of all other causes by violent or accidental means is amply supported by the evidence. (*Lewis* v. *Ocean Acc. & G. Corp.*, 224 N. Y. 20; *Mutual Acc. Assn.* v. *Barry*, 131 U. S. 100; *Schwartz* v. *Comm. Trav., Mut. Assn.*, 132 Misc. Rep. 200; 227 App. Div. 711; *Paul* v. *T. Ins. Co.*, 112 N. Y. 472; *N. A. L. & A. Ins. Co.* v. *Burroughs*, 69 Penn. St. 43; *A. Ins. Co.* v. *Crandal*, 120 U. S. 527; *Winspear* v. *A. Ins. Co.*, [L. R.] 6 Q. B. Div. 42; *McGlinchy* v. *F. & C. Co.*, 80 Me. 251; *Hiers* v. *Hull & Co.*, 178 App. Div. 350; *Marchi* v. *Ætna L. Ins. Co.*, 140 App. Div. 901; 205 N. Y. 606.) Causation was submitted to the jury as a question

of fact and resolved against the defendant. (*Bird* v. *St. Paul F. & M. Ins. Co.*, 224 N. Y. 47; *Van Vechten* v. *American Eagle Fire Ins. Co.*, 239 N. Y. 363; *Bailey* v. *Interstate Cas. Co.*, 8 App. Div. 127; 158 N. Y. 723; *Ætna L. Ins. Co.* v. *Brand*, 265 Fed. Rep. 6; *N. A. Cas. Co.* v. *Shields*, 155 Fed. Rep. 54; *Freeman* v. *Merc. Acc. Ins. Co.*, 156 Mass. 351; *Lewis* v. *Iowa Assn.*, 248 Fed. Rep. 602; *Interstate* v. *Lewis*, 257 Fed. Rep. 241; *Schwartz* v. *Comm. Trav. Mut. Assn.*, 132 Misc. Rep. 200; 227 App. Div. 711; *Townsend* v. *Comm. Trav.*, 231 N. Y. 148; *Mulvihill* v. *Commercial Casualty Ins. Co.*, 221 App. Div. 494; 248 N. Y. 524.)

CARDOZO, Ch. J. Defendant issued its policy of insurance whereby it insured plaintiff's husband against the results of bodily injuries " caused directly and independently of all other causes by accidental means," the insurance in the event of his death to be payable to his wife. The policy was not to " cover accident, injury, disability, death or other loss caused wholly or partly by disease or bodily or mental infirmity or medical or surgical treatment therefor."

The insured, while lifting a milk can into an ice box, slipped and fell, the can striking him on the abdomen and causing such pain that he was unable to get up. A surgeon, opening the abdomen, found a perforation at the junction of the stomach and the duodenum, through which the contents of the stomach escaped into the peritoneum, causing peritonitis and, later, death. At the point of perforation there had been a duodenal ulcer, about the size of a pea. The existence of this ulcer was unknown to the insured, and were it not for the blow, would have had no effect upon his health, for it was dormant, and not progressive, or so the triers of the facts might find. Even so, there had been a weakening of the wall in some degree, with the result that the impact of the blow was followed by perforation at the point of least

resistance. The question is whether death was the result of an accident to the exclusion of other causes.

We think the evidence sustains a finding that the ulcer was not a disease or an infirmity within the meaning of the policy. Left to itself, it would have been as harmless as a pimple or a tiny scratch. Only in the event that it was progressive would it become a source of pain or trouble. If dormant, as it was found to be, it was not only harmless in itself, but incapable of becoming harmful except through catastrophic causes, not commonly to be expected. In a strict or literal sense, any departure from an ideal or perfect norm of health is a disease or an infirmity. Something more, however, must be shown to exclude the effects of accident from the coverage of a policy. The disease or the infirmity must be so considerable or significant that it would be characterized as disease or infirmity in the common speech of men (*Eastern Dist. Piece Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441, 453). " Our guide is the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract" (*Bird* v. *St. Paul F. & M. Ins. Co.*, 224 N. Y. 47, 51; *Goldstein* v. *Standard Acc. Ins. Co.*, 236 N. Y. 178, 183; *Van Vechten* v. *American Eagle Fire Ins. Co.*, 239 N. Y. 303). A policy of insurance is not accepted with the thought that its coverage is to be restricted to an Apollo or a Hercules.

A distinction, then, is to be drawn between a morbid or abnormal condition of such quality or degree that in its natural and probable development it may be expected to be a source of mischief, in which event it may fairly be described as a disease or an infirmity, and a condition abnormal or unsound when tested by a standard of perfection, yet so remote in its potential mischief that common speech would call it not disease or infirmity, but at most a predisposing tendency (*Leland* v. *Order of U. C. Travelers*, 233 Mass. 558, 564; *Collins* v. *Casualty Co.*, 224 Mass. 327; *Mutual Life Ins. Co.* v. *Dodge*, 11

Fed. Rep. [2d] 486; cert. denied, 271 U. S. 677; *Taylor* v. *N. Y. Life Ins. Co.*, 176 Minn. 171, 174). There will be no recovery under a policy so written where an every-day act, involving ordinary exertion, brings death to an insured because he is a sufferer from heart disease (*Allendorf* v. *Fid. & Cas. Co.*, 250 N. Y. 529; *Leland* v. *Order of U. C. Travelers, supra*). On the other hand, a recovery will not be denied to the sufferer from hernia who has had a predisposition to rupture because the inguinal canal was not closed as it ought to have been (*Collins* v. *Cas. Co., supra*), or to one whose hip has been fractured because his bones have become brittle with the advent of old age (cf. *Taylor* v. *N. Y. Life Ins. Co., supra*). " If a man with an abnormally thin skull be struck a blow which would not seriously injure a normal man, but which causes his death, it is perfectly plain that the cause of death is not the thinness of the skull, but the receipt of the blow " (*Mutual Life Ins. Co.* v. *Dodge, supra*, p. 489). An appendix already gangrenous is one thing (*Stanton* v. *Travelers Ins. Co.*, 83 Conn. 708), and quite another is an appendix, not presently malignant, though a potential source of infection in the future if left within the body. The governing principle has been stated by RUGG, C. J., with clearness and precision: " If there is no active disease, but merely a frail general condition, so that powers of resistance are easily over-come, or merely a tendency to disease which is started up and made operative, whereby death results, then there may be recovery even though the accident would not have caused that effect upon a healthy person in a normal state " (*Leland* v. *U. C. Travelers supra*, at p. 564). An ulcer as trivial and benign as an uninfected pimple, is at most a tendency to an infirmity, and not an infirmity itself.

Any different construction would reduce the policy and its coverage to contradiction and absurdity. The infinite interplay of causes makes it impossible to segregate any

single cause as operative at any time and place to the exclusion of all others, if cause is to be viewed as a concept of science or philosophy (*Schwarz* v. *Commercial Travelers Mut. Acc. Assn.*, 254 N. Y. 523, affg. 227 App. Div. 711; 132 Misc. Rep. 200; *Lewis* v. *Ocean Acc. & G. Corp.*, 224 N. Y. 18, 20). The courts have set their faces against a view so doctrinaire, an estimate of intention so headed toward futility. " We are to follow the chain of causation so far, and so far only, as the parties meant that we should follow it. ' The causes within their contemplation are the only causes that concern us ' " (*Goldstein* v. *Standard Acc. Ins. Co., supra*).

The judgment should be affirmed with costs.

POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgment affirmed.