KATHRYN A. REYNELL, Plaintiff, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Defendant.

Supreme Court, Monroe County, December 17, 1930.

*Sutherland & Dwyer*, for the plaintiff.

*Arthur T. Pammenter*, for the defendant.

RODENBECK, J. The court, in this case, attempted to follow the rule laid down in *Silverstein* v. *Metropolitan Life Insurance Company* (254 N. Y. 81). The court, in the *Silverstein* case, distinguished between a morbid or abnormal condition, and a condition which is " at most a predisposing tendency " towards a disease or infirmity (p. 84). The governing principle, stated by RUGG, Ch. J., which is approved by Judge CARDOZO, was the one that was followed in the charge.

In applying the liability of accident insurance policies, a distinction must be drawn between persons who have had a disease but who have recovered, or where the disease is not in an active condition but is dormant or quiescent. The physical variance of individuals, who may be carrying accident insurance policies, is such that, in an action on such a policy, questions of fact may be presented as to whether or not there was any co-operation between the physical condition and the accident in producing death. Such a fact was presented in this case, and the jury has decided against the contention of the defendant.

If the insured was not suffering from a disease at the time of

the accident, as that term is understood " in the common speech of men," but was in such a condition that the accident " started up and made operative " a physical weakness, or predisposition, there may be a recovery under a policy which limits the liability to an accident solely and exclusively.

Motion denied, with ten dollars costs.

So ordered.