LEO B. WARD, Plaintiff, *v.* THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Defendant.

Supreme Court, St. Lawrence County, January 13, 1931.

*James F. Akin* [*George H. Bowers* of counsel], for the plaintiff.

*M. W. Van Auken* [*Moses G. Hubbard, Jr.,* of counsel], for the defendant.

CRAPSER, J. This is an action to recover upon a certificate of membership issued to Joseph E. Ward by the defendant on the 20th of February, 1917, and thereafter the beneficiary was changed on January 24, 1930, and another certificate was issued naming the plaintiff as beneficiary.

At the time the application was made Joseph E. Ward stated in his application that he had previously suffered from a hernia and had had an operation and had completely recovered. At that time he was a traveling man. In 1918 the consent of the defendant was granted for Joseph E. Ward to change his occupation to manager of the Elks Club. In 1928 Ward resigned as manager of the Elks Club and thereafter until his death had no occupation.

Subsequent to 1917 Joseph Ward had a recurrence of hernia, the cause of this recurrence being unknown and the defendant had no notice of this recurrence. As a result of this recurrence and on several different occasions a portion of the intestines of Mr. Ward protruded through the hernial ring into the hernial sac, causing a large bunch or lumps to form and on each occasion Ward himself reduced the hernia by pushing the intestines back into place and holding them there with a truss. He instructed his nephew Ferguson how to assist him in reducing this hernia under such circumstances.

On April 15, 1930, while Ward was asleep, the intestines again protruded forming a bunch about the size of a baseball. Ward awoke and tried to push the intestines back in place and found that he required assistance, he called his nephew Ferguson with whose help the intestines were pushed back into place. On the following day a physician was called who noted nothing unusual. Ward suffered pain in the location of the hernia and on April nineteenth he went to the hospital where he was operated upon. It was then found that as the result of the reduction of the hernia, by Ward and Ferguson, a loop of the intestines had become twisted or strangulated, perforation had ensued, peritonitis had set in and on April twentieth Ward died.

Plaintiff beneficiary claims that the death of Ward was the direct and approximate result of and was caused solely and exclusively by external violent and accidental means. Policy covered against accident which is a direct and approximate result of and is caused solely and exclusively by external violent and accidental means.

The defendant alleges that there was a change of occupation on the part of the member without the consent of the association and pleads the same as a defense. The defense is not good; change of occupation does not adversely affect the defendant.

There can be no recovery unless the death of the insured was caused solely and exclusively by external, violent and accidental means.

This case was submitted upon an agreed set of facts for a decision by the court.

The disease or infirmity in this case was so considerable and significant that it would be characterized as a disease or infirmity in the common speech of people and would exclude the question of accident.

The death of Joseph E. Ward did not result solely and exclusively by external and accidental means. (*Silverstein* v. *Metropolitan Life Insurance Co.*, 254 N. Y. 81.) The plaintiff's complaint is, therefore, dismissed, with costs.