Ewing, Appellant, *v.* Equitable Life Assurance
Society of the United States.

Argued December 2, 1935.   Before FRAZER, C. J.,
SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Walter Biddle Saul,* with him *Samuel E. Ewing, Jr.,*
of *Saul, Ewing, Remick & Saul,* for appellant.

*Robert J. Sterrett,* with him *Alexander & Green,* for appellee.

OPINION BY MR. JUSTICE DREW, January 6, 1936:

Plaintiff sued in assumpsit to recover disability payments under two policies of accident insurance issued to him by defendant. The policies insured "against loss resulting directly and independently of all other causes, from bodily injuries effected . . . solely through external, violent and accidental means." Both policies further provided that the coverage should not include "accident, injury, disability, death or other loss caused directly or indirectly, wholly or partly, by bodily or mental infirmity," or by any kind of disease. Judgment was entered on a verdict for defendant and plaintiff has appealed. The assignments of error relate to the charge of the court and to the overruling of plaintiff's motion for a new trial.

The facts are not in dispute. Plaintiff, a practicing attorney, while driving his automobile, accompanied by his wife and their baby, became involved in a slight accident. His wife, along with the baby, was thrown forward; the baby's lip was cut. Plaintiff sustained minor bruises. For years, however, the insured had been suffering from a highly sensitized nervous condition. Three years prior to the accident he had an acute nervous breakdown, from the effects of which he never completely recovered. Following the accident he suffered severe nervous shock and exhaustion, as a result of which he was disabled for a long time, during which he went to a sanatorium and visited various resorts for his health. Defendant denies that the injury and consequent loss are covered by the policy. The question is whether or not the recurrence of plaintiff's serious nervous disorder was due "directly and independently of all other causes" to the slight accident encountered by him. Defendant takes the position that the basic cause was his inherent nervous condition. Plaintiff contends that this was not

the *cause,* but that, at the most, it merely left him *predisposed* to injury.

The neurologist who treated plaintiff said that the accident "acting upon his nervous system, more or less sensitized by his previous nervous condition, was the precipitating factor." He testified that plaintiff had previously suffered from cardiac neurasthenia, popularly known as a heart obsession, and that there had been a recurrence of this trouble, supplemented by a psychopathic or mental condition. He also testified that plaintiff might have suffered to an equal extent had he not been in the accident at all, but had merely witnessed a similar accident to his wife and child. The substance of this witness's testimony, and that of the other doctors —and they are all in agreement—is that the accident "did influence [plaintiff's nervous shock] to some extent," the clear implication being that the recurrence of the nervous and mental disorder was really grounded in plaintiff's highly sensitized nervous condition. A careful review of the medical testimony shows conclusively that plaintiff's loss did not result "directly and independently of all other causes, from bodily injuries effected . . . solely through external, violent and accidental means." On the contrary, it clearly appears that the disability was caused "directly or indirectly, wholly or partly, by bodily or mental infirmity" and that the loss was, therefore, expressly excluded by the terms of the policy.

It is argued, however, that plaintiff might have been predisposed to injury but that the injury was in fact caused by the accident. The substance of the assignments of error is the failure of the court to point out the difference in its charge to the jury. It is sufficient to say that there is no merit in the technical distinction sought to be drawn. Whether plaintiff's mental and nervous disorder was caused, "precipitated" or "relighted" by the accident or whether, given the accident, it followed because of his predisposition to injury, the very obvious

fact is that this serious trouble would not have recurred but for his hypersensitivity and the concomitant anxiety for the safety of his wife and child. This long existent condition was a sine qua non. The evidence on both sides is conclusive that the recurrence of the disabling nervous condition was almost entirely due to plaintiff's existent condition and that the accident was at most the precipitating cause.

Kelley v. Pgh. Casualty Co., 256 Pa. 1, is urged by plaintiff as decisive in his favor. In that case the insured slipped and in so doing twisted his body in such a way that certain adhesions, which had formed in his intestines following a prior operation, broke loose and caused the disability for which recovery was permitted. It is to be noted that the court expressly pointed out in that case that there was no provision in the policy there involved, such as there is here, excluding liability for loss due to infirmity or disease. The instant case is controlled by Hesse v. Traveler's Ins. Co., 299 Pa. 125, in which it appeared that the insured died from the effect of an anæsthetic to which he was hypersusceptible. There, as here, the insured's peculiar condition was the effective cause, and there, as must be the case here, recovery was denied.

Binding instructions would have been entirely appropriate, and since plaintiff's quarrel is with the charge of the court, there is obviously no merit in it. It may be said, however, that the charge was simple, clear and explicit. The jury was told that there could be no recovery unless the loss and disability was solely attributable to the accident. This instruction was required by the provisions of the policies. All of the evidence was to the effect that the accident was not the sole factor, and a verdict for plaintiff could not have been sustained. Clearly, therefore, plaintiff is not entitled to a new trial.

Judgment affirmed.