POLICE AND FIREMEN'S INSURANCE ASSOCIATION
v. BLUNK

[No. 16,155. Filed May 2, 1939. Rehearing denied June 13, 1939. Transfer denied December 18, 1939.]

Beasley, O'Brien, Lewis & Beasley, and Fenton, Steers, Beasley & Klee, for appellant.

Cooper, Royse, Gambill & Crawford, for appellee.

LAYMON, J.—This action was instituted by appellee, as beneficiary, to recover benefits for the death of her husband, John William Blunk, under an insurance policy issued by appellant at the time the insured became a member of the appellant association. Appellee proceeded upon the theory that her husband, the insured, met his death under such circumstances as permitted a recovery of accidental benefits within the terms, conditions, and provisions of the policy and the by-laws of the appellant association. The date of the death of the insured was February 25, 1936.

The complaint was in one paragraph. Appellant's motion to strike out certain parts thereof was overruled, and appellant then demurred to the complaint for want of facts. Following the overruling of the demurrer, the issues were closed by an answer in two paragraphs and a reply in general denial to the second paragraph of answer. Upon the issues thus formed, the cause was submitted to a jury for trial, resulting in a verdict for appellee awarding her the amount prayed for in the complaint. Judgment was accordingly rendered upon the verdict. In due time appellant filed its motion for a new trial containing the grounds that the verdict is contrary to law, that the verdict is not sustained by sufficient evidence, that the court erred in refusing to direct a verdict for appellant, and error of the court in the giving and refusal of certain instructions. This motion was overruled, and

it is this action of the court which is assigned as error for reversal.

Appellant has not discussed in its brief under Propositions, Points and Authorities the action of the trial court in overruling its motion to strike out parts of the complaint or the overruling of its demurrer to the complaint; consequently any alleged error by reason thereof is waived.

The provisions of the policy and the by-law of the association which are here involved, and under which appellee claims her benefits, are as follows:

(Provision of the policy) "Whenever any member of this Association in good standing shall, through external, violent and accidental means, receive bodily injuries which shall independently of all other causes, result within Ninety Days from and after the date of such accident, and independently of all other causes, in the death of said member...."

(By-law, being part of section 7 of Article 5) "This Association shall not be liable to any person for any benefits for sickness or injuries or death ... or in case such injuries shall occur as the result, wholly or partially, directly or indirectly, of any of the following causes, conditions or acts, to-wit: Disease...."

(Provision of the policy) "The benefits of this Association so far as accidental injury is concerned shall not extend to any bodily injury, or death, happening directly or indirectly in consequence of disease, ... or to any death or disability, which may have been caused wholly or in part by mental or bodily infirmities or disease...."

Appellant questions the application of the rule that the causes referred to in the policy relate to proximate and not remote causes, contending that the question as to whether or not the alleged injury or a diseased

condition was the proximate cause of the insured's death is not the true test of recovery under the terms and provisions of the policy and the by-laws of the association; that the question involved is "whether or not appellee's decedent was suffering from any diseased condition which contributed in any respect toward his death," because of the provision in the policy that benefits shall not extend to any death happening directly or indirectly in consequence of disease or to any death or disability which may have been caused wholly or in part by mental or bodily infirmities or disease.

It has been held by this court and our Supreme Court that in cases where the liability of the insured is limited to bodily injuries effected through external, violent and purely accidental causes—such injuries as shall, solely and independently of all other causes, necessarily result in death within a limited time,— that the causes referred to relate to proximate and not remote causes; and furthermore, that when more than one cause contributes to an injury, and if there is doubt, or if the facts are such that equally prudent persons would draw different conclusions therefrom, the question as to which of the contributing causes is the efficient, dominant, proximate cause, is a question for the jury. *Continental Casualty Co.* v. *Lloyd* (1905), 165 Ind. 52, 73 N. E. 824; *Kokomo Life, etc., Inc. Co.* v. *Wolford* (1929), 90 Ind. App. 395, 167 N. E. 156; *Chicago & Eastern Illinois Ry. Co.* v. *Whipking* (1933), 96 Ind. App. 167, 170 N. E. 548; *Inter-Ocean Casualty Co.* v. *Wilkins* (1933), 96 Ind. App. 231, 182 N. E. 252.

In view of the instructions which the trial court gave the jury, we feel that it is unnecessary to discuss whether the rule of proximate cause is the proper basis for determining the extent to which appellant was liable under the provisions of the policy and the

by-laws of the association. Evidently it was appellant's contention in the trial court that if the insured's death was due in part, however slight, to a diseased condition, appellee could not recover benefits on account of the accidental death of her husband. Appellant tendered, and the court gave, among others, the following instructions:

No. 12. "You are instructed that before you can return a verdict for plaintiff in this case for accidental benefits, you must find from a preponderance of the evidence that John William Blunk at the time of his death was a member of defendant association in good standing, and received a bodily injury through external, violent and accidental means, which said injury resulted in his death, independently of all other causes.

"So, in this case if you find from the evidence that at the time of the death of John William Blunk he was suffering from a disease of the heart and that this diseased condition of the heart was one of the causes producing his death, then I instruct you you should return a verdict for the defendant, and against the plaintiff for accidental benefits."

No. 15. "You are instructed that under the provisions of the policy of insurance issued on the life of John William Blunk and under the by-laws of said insurance company, before plaintiff can recover she must prove by a preponderance of the evidence that John William Blunk, through external, violent and accidental means, received bodily injuries, which bodily injuries, independently of all other causes, resulted in his death."

No. 17. "You are instructed that the policy of insurance in effect on the life of plaintiff's decedent at the time of his death does not permit a recovery and does not include a recovery for death appearing wholly or in part from bodily infirmities or disease.

"If you find from the evidence in this case that plaintiff's decedent at the time of his

death had a disease of the heart and this condition existed for several years prior to his death, and that his death was due in part, however, slight, to the diseased condition of the heart, then plaintiff cannot recover benefits for the accidental death of her decedent.''

These instructions are as favorable to appellant as it could ask. After being instructed, the jury concluded, upon the issues submitted and under the evidence adduced, that appellee was entitled to recover the benefits for the accidental death of her husband, as provided by the policy and the by-laws of the association.

It is contended by appellant that the burden of proof was upon appellee to establish by the evidence a right to recover under the policy sued on and that appellee has not discharged this burden.

We recognize the principle of law which imposes the burden upon the one seeking to recover benefits under the provisions of an insurance policy to allege and prove a right to recover under the policy sued on. In the instant case the burden of proof was upon appellee to show that the death of her decedent resulted from a bodily injury, exclusively and independently of all other causes and that the bodily injury was effected directly through external, violent, and accidental means and was not the result, wholly or partially, directly or indirectly of any disease or mental or bodily infirmities.

Appellant and appellee disagree in their recital of the evidence and in their final analysis of the facts as disclosed by the record. In determining the sufficiency of the evidence to sustain the verdict of the jury, however, we are governed by the facts directly and inferentially proven, and, as an appellate tribunal, can only consider the evidence most favorable to the verdict.

Appellant earnestly insists that the evidence shows without conflict that the death of appellee's decedent was caused directly or indirectly, wholly or in part, by a diseased heart and that appellee should not be permitted to recover.

It appears that the insured was a member of the fire department of the city of Terre Haute, Indiana at the time of his death on February 25, 1936, and that he had been so employed for a period of more than twenty-five years. During his employment as a fireman, his general health was good, and he had worked continuously on a twenty-four hour shift. In the years 1934 and 1935, when he was not required to be on duty, he had constructed a garage and remodeled his home. He had worked in various positions—as a fireman and as a supply-wagon driver, and at the time of his death he was captain of Fire Station No. 2. At about 9 o'clock on the morning of February 25, 1936, he and other firemen, in response to a call, went to a burning building. Upon arriving they kicked in the back door. They then entered the house and encountered a fire caused by the explosion of a coal oil stove. The smoke was of greater density and of a much higher temperature than is usual or ordinary in a burning building. The smoke was black, heavy, and hot. Shortly after entering the house, the insured emerged, holding his throat, and staggered to a nearby fence or building, and there he was observed by a fellow-workman gasping for breath and perspiring profusely. He was assisted to a chair in the front part of the house where he sat in a state of collapse. In a few minutes he was taken to the hospital where he died shortly afterwards.

There was medical testimony that the inhalation of the smoke at the fire, plus the exertion, was the proximate cause of the death of the insured; that the inhal-

ing of the black, hot, noxious smoke containing carbon monoxide gas, which was highly poisonous, affected the nervous mechanism of the heart and brought about a constricted condition of the arteries; that although the insured died from coronary occlusion, the exposure to the hot, dense coal oil smoke was a factor which set off the coronary occlusion; that when a person is subjected to a dense, hot smoke, respiration increases, and, under such conditions, the heart is required to do more work and is under a greater strain; that the exposure to the smoke was a very decided factor in the cause of the decedent's death; and that the exposure and inhalation which the insured had experienced added a strain or exertion on the heart which could cause coronary occlusion.

We think the testimony of the medical witnesses is susceptible to the interpretation that if it were not for the accident, the insured would not have died at the time from coronary occlusion. It is true that in a strict or literal sense any departure from an ideal or perfect state of health is a disease, defect or an infirmity. But it is not every defect or infirmity of the insured that is contemplated by the parties in attempting to define the chain of causation, for to so hold would make the contract an absurdity.

As was stated by the court in the case of *Silverstein* v. *Metropolitan Life Ins. Co.* (1930), 254 N. Y. 81, 84, 171 N. E. 914: "Something more, however, must be shown to exclude the effects of accident from the coverage of a policy. The disease or the infirmity must be so considerable or significant that it would be characterized as disease or infirmity in the common speech of men."

Applying this rule to the facts in the instant case, we cannot say that the coronary occlusion in the man-

ner in which it appeared was a disease within the meaning of the policy and as contemplated by the parties.

We conclude that there was sufficient evidence under proper instructions to submit the question of whether the insured's death was the result of the accident, to the exclusion of all other causes, and there was no error in refusing to direct a verdict for appellant.

Complaint is made of the giving and refusal of certain instructions. The instructions, when considered in their entirety, and, as we have heretofore pointed out, are as favorable to appellant as it could ask, and we find no error in instructing the jury.

No reversible error having been shown, the judgment is affirmed.