OLIVET JOHNSON, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Trial Term, Kings County, March 25, 1946.

*Jacob W. Friedman* and *Murray T. Feiden* for plaintiff.

*Rowland H. Long* for defendant.

WENZEL, J. This is an action seeking to recover under an "Accident Policy" upon the death of the plaintiff's husband.

The decedent had a painful tooth about which the gums were "reddened and puffed up." Attending at the office of a dentist, injections of "monocain" were made into the gums and the tooth was extracted. There followed a history of progressive infection and illness, culminating in "Ludwig's Angina", and the insured's ultimate death.

There can be no doubt that under the law of this State this was an accidental death which would ordinarily predicate liability on the part of the defendant. However, the question which must be determined by this court is whether or not this case falls under the exclusory clause of the policy or the exception thereto. This clause has not previously been passed upon in this State in a case of this kind, and reads as follows: "This insurance shall not cover * * * death or any other loss caused wholly or partly, directly or indirectly, by disease or bodily or mental infirmity or medical or surgical treatment therefor; nor shall it cover injury, disability, death or any other

result caused wholly or partly, directly or indirectly, by pto-maines or disease germs or any kind of infection, whether introduced or contracted accidentally or otherwise (excepting only septic infection of and through a visible wound caused directly and independently of all other causes by violent and accidental means) ; *  *  * ".

It is the claim of the plaintiff that the operative treatment of the dentist in injecting monocaine spread the infection then existent in the diseased gums and was the proximate cause of the insured's death. This would seem to fall squarely under two of the provisions of the exclusory clause, for first it came about because of " surgical treatment " of a " bodily  *  *  * infirmity ", and second, death was caused by " disease germs or  *  *  * infection ". There remains the question whether it falls under the exception to the exclusory clause. Admittedly this was a septic poisoning, but was it " of and through a visible wound "? There was here no visible wound before the operative procedure, but a wound was caused by the dentist's injection of the hypodermic needle. There seems no doubt that the infection which was already in the tissues was thus spread through the wound thus caused. I find that the wound was caused by " violent  *  *  * means ". Whether it was an " accidental *means* " is of no consequence under our decisions, there being an accidental death (*Silverstein* v. *Metropolitan Life Ins. Co.,* 254 N. Y. 81; *Mansbacher* v. *Prudential Ins. Co.,* 273 N. Y. 140█). The fact that the wound was in the oral cavity did not render it invisible. It could, doubtlessly, have been seen, if one looked for it.

I find, therefore, that this death falls under the exception to the exclusory clause and direct a verdict for the plaintiff in the sum of $5,000.