Van Voorhis, J.
(dissenting). We think that by their verdict the jury eliminated acute alcoholism as a contributing cause of the death of the insured.
In any event, death from an overdose of sleeping tablets, which the jury found occurred here, has been held to result from external, violent and accidental means (Mansbacher v. Prudential Ins. Co., 273 N. Y. 140). Even if, in this case, death might not have resulted unless insured’s vitality had also been depressed by the consumption of alcohol, that was at most “ a predisposing tendency ” and not a disease “ in the common speech of men ” (Silverstein v. Metropolitan Life Ins. Co., 254 N. Y. 81, 84), unless the alcoholism was chronic. Here, the insured suffered at most from acute alcoholism. Insured’s death, therefore, could not have been caused wholly or partly, or directly or indirectly by disease under the exclusionary clause in the policy. Suicide having been eliminated by the jury, plaintiff was entitled to recover.
Powley v. Equitable Life Assur. Soc. (284 N. Y. 664) held, to be sure, that death resulting from a drinking debauch is not accidental, but that is not a controlling precedent where death results from a cause recognized as accidental, notwithstanding that such cause might not have been fatal if the insured had not also been intoxicated.
The determination of the Appellate Term should, therefore, be affirmed, with costs to the plaintiff-respondent and the judgment of the Municipal Court, Borough of Manhattan, First District, in favor of the plaintiff-respondent should be reinstated on the stipulation, filed herein, of the defendant-appellant for judgment absolute against it.
Peck, P. J., and Ghennon, J., concur with Cohn, J.; Van Voobhis J., dissents in opinion in which Dobe, J., concurs.
Determination reversed, with costs to the appellant and the complaint dismissed. Settle order on notice. [See post, p. 1067.]