Hillsborough,
Oct. 3, 1950. } No. 3942.

FLORA BERGERON

*v.*

PRUDENTIAL INSURANCE COMPANY OF AMERICA.

*Ernest R. D'Amours* for the plaintiff.

*Frederick W. Branch* for the defendant.

LAMPRON, J. The Court's finding that "[t]his collision . . . inflicted no physical force upon his (deceased) body" could reasonably be made on the evidence and plaintiff's exception thereto must be overruled. *Wisutskie* v. *Malouin*, 88 N. H. 242, 244. The manner in which the accident happened, a car coming out of a parking space ripping the right rear fender of deceased's car causing its tire to blow out resulting in an estimated damage of $75 to his car, coupled with the absence of any testimony that the collision did inflict physical force on deceased's body, is sufficient evidence to justify the above finding. See *Emery* v. *Company*, 89 N. H. 165, 167; *Stanton* v. *Mills*, 94 N. H. 92, 95.

Plaintiff's exception to the Court's finding that "at the time and for some indeterminate period before the accident Mr. Bergeron had suffered from angina pectoris" must also be overruled. Dr. Bailey, a practicing physician called by the plaintiff, testified that he examined the body of the deceased a very few minutes after death occurred and that he received a history from someone there to the effect that deceased had had pain in his chest, and in going into the history of it "its very suspicious of angina pectoris, for about a week prior to the accident." Plaintiff herself testified that in a way her husband had not been well just before this accident. She was worried about it and kept asking what the matter was with him. This was sufficient evidence to support the finding made by the Court.

Considering plaintiff's remaining exceptions together, the law is clear that she had the burden of proving that her husband's death did not result directly or indirectly from bodily or mental infirmity or disease in any form. *Newell* v. *Insurance Co.*, 94 N. H. 26, 28, and cases cited.

In construing the above exclusion in this policy, the test, under the well established rule in New Hampshire, "is not what the insurance company intended the words of the policy to mean but what a reasonable person in the position of the insured would have understood them to mean." *Hoyt* v. *Insurance Company*, 92 N. H. 242, 243; *Golding-Keene Co.* v. *Insurance Company*, ante, 64, 66; *Chagnon* v. *Insurance Company*, ante, 256. The words "disease" and "bodily infirmity" are construed to be practically synonymous and to refer only to some ailment or disorder of an established or settled character to which the insured is subject, an ailment or disorder which materially impairs, weakens, or undermines the condition of the insured and is so considerable or significant that it would be characterized as disease or infirmity in the common speech of men. These words do not include

a mere frail general condition so that the powers of resistance are easily overcome, a tendency to disease, a temporary weakness nor a normal physical change that inevitably accompanies advancing years. *Silverstein* v. *Insurance Company*, 254 N. Y. 81, 84; *Leland* v. *United Commercial Travelers*, 233 Mass. 558, 564; *Prudential Ins. Co.* v. *Carlson*, 126 F. (2d) 607; *Police & Firemen's Ins. Ass'n* v. *Blunk*, 107 Ind. App. 279, 287; *Hutchison* v. *Aetna Life Ins. Co.*, 182 Ore. 639, 648; 29 Am. Jur. 747; 45 C. J. S. 809; 6 Couch, Insurance 4566.

On the evidence the Presiding Justice was warranted in finding that angina pectoris was a bodily infirmity or disease which comes within the provisions of the above exclusionary clause. Plaintiff's exception to the Court's finding that "the death of Mr. Bergeron resulted indirectly from bodily infirmity" must be overruled. Dr. Bailey testified that coronary thrombosis was the primary cause of death. He believed that the accident precipitated an attack of angina which terminated in a fatal condition. The death certificate signed by him gave the immediate cause of death as coronary occlusion due to angina pectoris and the accident as the exciting factor for the attack of angina pectoris which resulted in the insured's death by coronary occlusion.

Although there is some conflict in the authorities it is our opinion that since the death of the insured was found to result from accidental injury acting in conjunction with a pre-existing physical infirmity or disease, as previously defined, such as angina pectoris, the verdict denying recovery must be upheld. *Ewing* v. *Equitable L. A. S. of U. S.*, 320 Pa. 577; *Police & Firemen's Ins. Ass'n* v. *Blunk, supra; Rodia* v. *Metropolitan Life Ins. Co.*, 354 Pa. 313; *Howe* v. *National Life Ins. Co.*, 321 Mass. 283.

Plaintiff's remaining exceptions must therefore be overruled and in view of the result it is unnecessary to consider defendant's exception.

*Plaintiff's exceptions overruled.*

All concurred.