## (September 19, 1977)

■ MILTON BERNSTEIN, Appellant, v AMERICAN HOME ASSURANCE COMPANY, Respondent.—In an action on an insurance policy to recover damages for the loss of an eye allegedly due to an accident, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered December 2, 1976, which is in favor of defendant, upon the trial court's dismissal of the complaint at the end of the entire case, at a jury trial, for failure to present a prima facie case. Judgment reversed, on the law, and new trial granted, with costs to abide the event. In our opinion, under the facts of this case, a jury could determine that the loss of the eye was caused by an accident within the meaning of the policy. The depositing of the infected animal matter on the plaintiff-appellant's eye while he was working was totally unforeseen and unexpected, and a jury could properly find that that was the sole contributing cause of the infection which resulted in the loss of the eye. We note that the plaintiff's expert testified that the "bleb" on his eye, left from a recent cataract operation, was harmless and merely provided an opening through which the bacteria could infect the eye. This was nothing more than a predisposing weakness or frailty in the eye which made it more susceptible to infection by harmful bacteria (see *Silverstein v Metropolitan Life Ins. Co.,* 254 NY 81). But it was not, under the *Silverstein* case, a contributing cause of the loss of the eye. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.

■ MORRIS GIAMMETTE, Respondent, v NORMA WASSERMAN et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Westchester County, entered October 27, 1976, which granted plaintiff's motion for leave to amend his complaint. Order affirmed, with $50 costs and disbursements. We find no abuse of discretion in the granting of the motion. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.

■ VITO GRETO et al., Appellants, v JOYCE BRODY, as Trustee of MARK A. BARRY, an Infant, et al., Respondents.—In a proceeding pursuant to CPLR 5225 (subd [b]) to compel respondents to deliver to petitioners a certain interest in real property, the appeal is from an order of the Supreme Court, Nassau County, dated May 18, 1977, which dismissed the proceeding. Order affirmed, with one bill of $50 costs and disbursements to respondents appearing separately and filing separate briefs. The judgment debtor George Barry had no interest in the subject real property by virtue of the alleged partnership or otherwise, at the time of the filing of appellants' judgment. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.