**Frances E. DOETTL, Plaintiff,**

v.

**COLONIAL LIFE & ACCIDENT INSUR-ANCE COMPANY, Defendant.**

**No. CV–79–76–Bu.**

United States District Court,
D. Montana,
Butte Division.

Jan. 8, 1981.

Wade J. Dahood, Knight, Dahood & McLean, Anaconda, Mont., for plaintiff.

Gregory C. Black, Corette, Smith, Pohlman & Allen, Butte, Mont., for defendant.

## MEMORANDUM AND ORDER

WILLIAM D. MURRAY, Senior District Judge.

Plaintiff was injured while working as a psychiatric aide at Warm Springs State Hospital when a male patient grabbed her, put her in a full nelson, and wrenched her neck. Shortly thereafter pain in her neck rendered her totally disabled. At the time of her injury plaintiff owned an accident insurance policy issued by Colonial. Colonial paid total disability benefits to plaintiff for a time but denied further benefits based on plaintiff's arthritic condition and that condition's relationship to specific policy language.

Based upon the uncontroverted facts pertinent to plaintiff's disability both parties have moved for summary judgment. Those facts are that prior to Mrs. Doettl's injury she suffered from degenerative arthritis. Further, her arthritic condition is typical of the general population in her age group. She suffered no pain from her arthritic condition, however, until her injury at Warm Springs.

The policy language at issue, and to be interpreted according to Montana law, is:

The Company will pay the benefits named in this Section for any accident not excepted by the terms and conditions of the Policy where loss results directly, independently and exclusively of all other causes from bodily injuries effected solely through external and accidental means . . .

The language used by Colonial and the facts of this case are sufficiently similar to those in *Sullivan v. Metropolitan Life Ins. Co.*, 96 Mont. 254, 29 P.2d 1046 (1934) to bind this court. In *Sullivan* arterio sclerosis and an accidental fall combined to cause the insured's death. The policy provided that " 'No accidental death benefit will be paid if the death of the insured is . . . caused or contributed to directly or indirectly or wholly or partially, by disease or by bodily or mental infirmity.' " *Id.* 29 P.2d at 1050. In construing this language the Montana Supreme Court said:

While it is true, as said in decisions supra, that a reasonable scope of insurance was contemplated, nevertheless by clear and unequivocal language it was likewise contemplated that the insured might suffer an accident resulting in death, to which disease or bodily infirmity contributed directly or partially; and if so, such a death was within the exception. *Id.* 29 P.2d at 1051–1052.

In the case at bar plaintiff's disability resulted in part from her arthritic condition. This court, therefore, cannot impose coverage in light of both *Sullivan* and the unequivocal language used by Colonial.

This court, however, notes significant authority granting reasonable coverage to insureds who have suffered the misfortune of purchasing a policy from one of those few companies still using harsh, restrictive language requiring "purely accidental" causes of injury. That authority appeals greatly to the conscience of this court:

We think the better reasoned rule to be just this: that where an accidental injury aggravates or energizes a dormant disease or physical ailment the accident may be said to have been the proximate cause of the resulting disability within the terms and meaning of the ordinary accident insurance policy. *Boring v. Haynes*, 209 Kan. 413, 496 P.2d 1385, 1392 (1972).

This court believes that insurance carriers contemplate coverage for the general population, including those conditions typical to that group, rather than coverage restricted to an "Apollo or a Hercules." *Silverstein v. Metropolitan Life Ins. Co.*, 254 N.Y. 81, 171 N.E. 914 (N.Y.1930) (Cardozo, J.).

Finally, this court must address the argument urged by plaintiff that *Colonial Life and Accident Insurance Company v. Newman*, 152 Ind.App. 554, 284 N.E.2d 137 (1972) should control the instant action. *Newman* is factually almost identical to the case at bar. The *Newman* court granted coverage based upon the incontestible clause. The precedent established by *Newman*, however, is based upon unsound rationale, i. e. the application of the incontestible clause to determine risks within coverage. As a result, *Newman* is an anomaly. The incontestible clause, mandated by state legislatures, prevents an insurer from voiding, based upon an insured's misrepresentations in the application, a life, accident or disability policy after the policy has been in force throughout the contestible period (usually a maximum of two years). The almost universal rule is that incontestible clauses do not abrogate defenses going to coverage. *E. g. Massachusetts Casualty Ins. Co. v. Forman*, 516 F.2d 425, 428 (5th Cir. 1975). Justice Cardozo, while Chief Judge of the New York Court of Appeals, explained the proper application of the incontestible clause:

The provision that a policy shall be incontestible after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that *within the limits of the coverage* the policy shall stand unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken. *Id.* at 428–429. Cit-

ing *Metropolitan Life Ins. Co. v. Conway*, 252 N.Y. 449, 452, 169 N.E. 642 (1930) (emphasis added).

Therefore because this court refuses to endorse the ill-considered rationale of *Newman*, further because this court is bound by the Montana Supreme Court's holding in *Sullivan v. Metropolitan Life Ins. Co.*, 96 Mont. 254, 29 P.2d 1046 (1934),

IT IS ORDERED and this does order that defendant's motion for summary judgment is hereby granted.