Merrimack
No. 84-465

### ARTCRAFT OF NEW HAMPSHIRE, INC.

v.

### LUMBERMAN'S MUTUAL CASUALTY COMPANY

July 26, 1985

Upton, Sanders & Smith, of Concord (Gilbert Upton on the brief, and Katherine Daly orally), for the plaintiff.

Eaton, Solms, Mills and McIninch, of Manchester (Richard E. Mills and Steven Ruddock on the brief, and Mr. Ruddock orally), for the defendant.

PER CURIAM. This appeal arises out of a petition for declaratory judgment, RSA 491:22, brought by Artcraft of New Hampshire, Inc. (Artcraft) against its insurer, Lumberman's Mutual Casualty Company (the Company), seeking liability coverage for a claim brought against Artcraft by Robert and Louise Burns. The sole issue that we must decide is whether or not the term bodily injury, defined in the insurance policy as "bodily injury, sickness or disease . . . ," includes coverage for claims of physical discomfort and emotional pain and suffering.

The case was submitted on an agreed statement of facts to a Master (Robert A. Carignan, Esq.), whose recommendation that the Company be required to afford coverage was approved by the Superior Court (O'Neil, J.). For the reasons that follow, we reverse.

In October 1980, the plaintiffs in the underlying tort action, Robert and Louise Burns, purchased a 1981 Artcraft Mobile Home from Artcraft. In April 1982, they brought suit against Artcraft seeking damages, alleging among other things that the negligent design or installation of a vapor barrier in the mobile home produced a "cold, dampness, clamminess and musty smell," which caused them "physical discomfort, emotional pain and suffering, aggravation and embarrassment."

The Company denied Artcraft's request for coverage on the ground that the Burnses had sustained "no bodily injury as defined in that policy," and this action followed. The master concluded that the term "bodily injury" as used in the insurance policy was ambiguous and "could reasonably be thought to apply to coverage for claims for emotional pain and suffering."

On appeal, the Company argues that the definition of "bodily injury" in the policy is not ambiguous, asserting that such an injury requires physical manifestations capable of medical documentation. Therefore the Company claims that physical discomfort and emotional suffering due to dampness, mildew or odor do not rise to the level of "bodily injury." We agree.

■ The term "bodily injury" is narrower than the term "personal injury" and usually limits coverage of harm to *"physical* injury, sickness or disease" and "does not include non-physical harm to the person." *Rolette County v. Western Cas. & Sur. Co.*, 452 F. Supp. 125, 130 (D.N.D. 1978) (emphasis in original); BLACK'S LAW DICTIONARY 159 (5th ed. 1979).

■■ "Sickness" and "disease" are defined as "technically synonymous" when given their popular meaning, *Price v. State Capital Life Ins. Co.*, 261 N.C. 152, 155, 134 S.E.2d 171, 173 (1964), and both affect the general soundness and health and are more than a mere temporary indisposition. BLACK'S LAW DICTIONARY 420, 1238 (5th ed. 1979); *see also Bergeron v. Prudential Ins. Co.*, 96 N.H. 304, 306–07, 75 A.2d 709, 711 (1950). "One is not ordinarily considered sick who performs his usual occupation [even] though some organ of the body may be affected." *Price v. State Capital Life Ins. Co. supra.*

■ The record before us indicates that the Burnses sought no medical treatment either for the physical discomfort alleged, or for the emotional pain and suffering claimed. They also acknowledged that they suffered no loss of sleep, appetite, or weight or other physical consequences. They lost no time from work and incurred no out-of-pocket expenses related to the effects on them of living in their mobile home. Lack of any such physical manifestations precludes a finding that the physical discomfort and emotional pain and suffering complained of here can rise to the level of "bodily injury" as defined in the policy. *Cf. Corso v. Merrill*, 119 N.H. 647, 656, 406 A.2d 300, 306 (1979).

*Reversed.*