406 So.2d 646 (1981)
Wilma Lee HOLCOMB, Plaintiff-Appellant,
v.
Eugene Edward KINCAID, Defendant-Appellant.
No. 14600.
Court of Appeal of Louisiana, Second Circuit.
November 2, 1981.
Rehearing Denied December 10, 1981.
*647 Fayard & Snell, by A. R. Snell, Bossier City, for plaintiff-appellant, Wilma Lee Holcomb.
Bodenheimer, Jones, Klotz & Simmons by David B. Klotz, Shreveport, for defendant-appellant, Eugene Edward Kincaid.
Lunn, Irion, Switzer, Johnson & Salley, by Harry A. Johnson, Jr. Shreveport, for third party defendant-appellee, State Farm Fire and Cas. Co.
Before PRICE, JAPSER E. JONES, and FRED W. JONES, Jr., JJ.
En Banc. Rehearing Denied December 10, 1981.
PRICE, Judge.
Plaintiff, Wilma Lee Holcomb, and defendant, Eugene Edward Kincaid, appeal from the judgment dismissing third party defendant, State Farm Fire and Casualty Company from this suit. The undisputed factual allegations in the pleadings show the following background for this litigation: plaintiff and defendant were married in 1964. After living together 12 years, the marriage became insupportable and plaintiff filed for a separation. She later filed *648 for a divorce on grounds of adultery. Defendant then filed a petition to annul the marriage alleging that he had married plaintiff knowing he was not yet divorced from his first spouse. The marriage was annulled and plaintiff was found to be in good faith and therefore a putative wife.
Plaintiff then filed this suit for damages for the alleged fraud perpetrated on her by defendant and for certain acts of harassment by defendant and his new spouse which allegedly occurred after the annulment. Plaintiff alleged in her original petition and in supplemental pleadings that as a result of defendant's conduct she suffered humiliation, embarrassment, and medical expenses, pain and suffering, loss of hair, loss of wages past and future, and mental anguish.
Initially State Farm provided legal counsel for defendant under its homeowners policy issued to defendant containing liability coverage. Subsequently State Farm withdrew legal assistance. Defendant filed a third party demand against State Farm alleging that it was obligated to furnish him a legal defense and would be responsible to indemnify defendant for any judgment rendered against him up to the policy limits. State Farm then filed a motion for summary judgment on the basis that the damages plaintiff alleges she suffered were not covered by the policy, and secondly, that because plaintiff was an insured under the policy at the time the harmful conduct was committed she was excluded from coverage, and therefore had no cause of action against State Farm. The trial court granted the motion and plaintiff and defendant appealed. For the reasons assigned we reverse.
State Farm contends that the allegations of injuries allegedly suffered by plaintiff from defendant's actions are not within the coverage provided in the policy which reads as follows:
This company agrees to pay on behalf of the insured all sums which the insured shall be come legally obligated to pay as damages because of bodily injury or property damage, to which the insurance applies, caused by an occurrence.
State Farm relies primarily on the decision in Nickens v. McGehee, 184 So.2d 271 (La.App. 1st Cir. 1966), in which the court interpreted the term "bodily injury" as used in an insurance policy as follows:
In its usual significance the term "bodily injuries" is understood to mean hurt or harm to the human body or some member thereof by contact with some external force or violence either accidental or intentional. In this respect the terms "bodily injury" and "physical injury" appear to be synonymous considering each contemplates actual physical harm or damage to a human being. However, mental distress, unaccompanied by bodily injury resulting from the application of some external force to an individual, is not generally regarded as physical or bodily injury. It is, nevertheless, within the purview of the term "personal injuries" which classification is not confined to "physical or bodily injuries" but extends to injuries to one's feelings and emotional distress or disturbance resulting from abuse, slander or libel, ....
State Farm takes the position that to have a "bodily injury" as intended by the subject insurance contract, there must be a physical or corporeal injury caused by the application of external violence. This argument would be more persuasive if it were not for the definition of "bodily injury" contained in its own policy which defines this term as follows:
1. "bodily injury" means bodily injury, sickness or disease, including care, loss of services and death resulting therefrom.
This expanded definition casts a shadow of uncertainty on the previously accepted definition of the term "bodily injury" as reflected in the Nickens case and creates ambiguity. Ambiguity of course must be construed against the insurer.
We find the circumstances presented here to be more properly controlled by the decision in Levy v. Duclaux, 324 So.2d 1 (La. App. 4th Cir. 1975), writ denied 328 So.2d 887 (La. 1976), in which mental anguish and *649 humiliation were found to be within the definition of "bodily injury" in an insurance policy. The court in Levy resolved this issue as follows:
We attach significance to the fact that the policy defines bodily injury to mean "sickness or disease" in the instant case. These broad terms must include mental distress which persists over a period of time and necessitates the taking of some medication and interferes with one's performance at work. In this regard, the policy in question seems to be broader than it would have been had that definition not included the words "sickness or disease". For instance, in 44 Am.Jur.2d 72, Insurance § 1223, it is said that "the words `bodily injury' are commonly and ordinarily used to indicate disease," apparently referring to policy definitions which do not equate bodily injury with sickness or disease.
We are unable to separate a person's nerves and tensions from his body. It is common knowledge that worry and anxiety can and often do have a direct effect on other bodily functions. In the instant case, plaintiff's humiliation brought physical manifestations, such as tears and hysteria, which were observed and attested to by numerous witnesses. She testified that she took medication thereafter and produced the testimony of her employer who corroborated her own testimony that her ability to perform her work as a typist was adversely affected by her mental condition after this incident. We have concluded that plaintiff's humiliation, mental anguish, pain and suffering, were within the purview of coverage against bodily injury and defendants, as third-party defendants, are entitled to indemnity under the policy.
Plaintiff here alleges physical effects of her humiliation and mental anguish to be rash, falling hair, weight loss, and symptoms of stroke. The physical results which she alleges from defendants's actions would appear to fit within the policy definition of bodily injury which includes sickness and disease.
State Farm also contends plaintiff's allegations do not set forth that her injuries arose from an "occurrence" as required for coverage under the policy. It argues the actions of defendant were alleged to have been intentional and were therefore not "accidental" which would be necessary to meet the usually accepted connotation of an "occurrence." The term "occurrence" has been construed by the jurisprudence in this state to have a broader meaning than the word "accident." Lombard v. Sewerage & Water Board of New Orleans, 284 So.2d 905 (La.1973). The definition within the policy itself extends its meaning to "including injurious exposure to conditions." This language is broad enough to cover the allegations of harassment made by plaintiff in this instance.
The last issue is whether plaintiff is precluded from recovery under State Farm's policy because she was within the exclusionary clause denying recovery to an insured. The exclusionary clause at issue provides that the policy does not apply "to bodily injury to an insured within the meaning of parts (1) and (2) of definition of insured." In addition to the named insured, the policy also defines an insured for purposes of liability coverage to be the insured's spouse if a resident of the same household.
It may well be that plaintiff would by excluded from coverage as an "insured" were she relying solely on the allegations of occurrences which took place while she was living with defendant. However, she has alleged in supplemental pleadings other incidents or occurrences causing her injury which happened after she was no longer living in the household with defendant. Therefore, the application of the exclusionary clause can only be properly determined on a trial of the merits.
For the foregoing reasons, the judgment sustaining the motion for summary judgment and dismissing the demands against State Farm Fire and Casualty Company is reversed and this matter is remanded for further proceedings in accordance with law.
Costs of this appeal are assessed to appellee.