Robert L. KUFALK, Plaintiff,

v.

Donald W. HART, et al, Defendants.

**and**

Steven L. NORDQUIST, Michael C. Sabo and Beatrice Preston, Defendants and Third Party Plaintiffs,

v.

ILLINOIS FARMERS INSURANCE COMPANY, Standard Mutual Insurance Company and Economy Preferred Insurance Company, Third Party Defendants.

No. 84 C 20077.

United States District Court,
N.D. Illinois, W.D.

May 28, 1986.

---

Thomas Z. Hodson, Thomas E. Laughlin, Lewis B. Kaplan, Connolly, Hickey, Oliver, Rockford, Ill., for plaintiff.

Eugene Brassfield, Alfred W. Cowan, Gary R. Kardell, Frederic T. Brandt, Rockford, Ill., for third party defendant Economy Preferred.

Robert J. Shaw, Rockford, Ill., for third party defendant Illinois Farmers.

Edward M. Maher, Paddock, McGreevy & Johnson, Ronald E. Brandt, Jeffrey Margolin, Asst. Atty. Gen., Rockford, Ill., for defendants.

Peter S. Switzer, Richard K. Van Evera, Barrick, Switzer, Long, Balsley & Van Evera and Alex M. Abate, Rockford, Ill., for Standard Mut. Ins.

## ORDER

ROSZKOWSKI, District Judge.

Before the court are cross-motions for summary judgment on behalf of defendant-third party plaintiff Steven Nordquist and third party defendant Economy Preferred Insurance Company. For the reasons stated herein, Economy's motion is denied; Nordquist's motion is granted to the extent it requests that Economy be ordered to provide him a defense to this action.

## BACKGROUND

In the main action in this case, plaintiff seeks to hold defendant Nordquist and other School of Hope board members liable pursuant to 42 U.S.C. § 1983 for injuries that he suffered as a result of his allegedly wrongful termination as Director of the School of Hope. The underlying facts are fully set forth in this court's March 18, 1983, order and need not be repeated here.

The instant motions are brought to determine whether Economy Preferred Insurance Company ("Economy") owes Nordquist a defense to this action under Nordquist's general liability insurance policy.

## DISCUSSION

The Illinois law governing this insurance coverage dispute is in theory quite straightforward. As stated in *LaRotunda v. Royal Globe Insurance Co.*, 87 Ill.App.3d 446, 42 Ill.Dec. 219, 224, 408 N.E.2d 928, 933 (1st Dist.1980) (citations omitted) (emphasis in original):

> An insurer which contracts to defend its insured must defend any action brought against the insured if the complaint sets forth allegations that bring the claims within or potentially within the risk covered by the policy. The threshold that the complaint must satisfy to present a claim of potential coverage is low. Where there is doubt as to coverage, it is to be resolved in favor of the insured. The complaint must be liberally construed and the insurer is required to defend any claim under the pleadings which might possibly fall within the scope of the policy coverage. That the allegations are groundless, false or fraudulent is of no moment. The insurer can safely and justifiably refuse to defend only when the allegations *clearly* show on their face that the claim is beyond policy coverage, for the duty to defend is broader than the duty to pay.

The search for potential coverage is thus determined by liberal review of the allegations of the complaint, with consideration of even "groundless, false or fraudulent" allegations.

In *Associated Indemnity Co. v. INA*, 68 Ill.App.3d 807, 25 Ill.Dec. 258, 386 N.E.2d 529 (1st Dist.1979), the Illinois appellate court expanded the relevant factual inquiry beyond the complaint to include "true but unpleaded facts" within the insurer's knowledge.

> [E]ven though the complaint, standing alone, may not fairly apprise the insurer

that the third party is suing the putative insured on an occurence potentially within the policy's coverage, the insurer is obligated to conduct the putative insured's defense if the insurer has knowledge of true but unpleaded facts, which, when taken together with the complaint's allegations, indicate that the claim is within or potentially within the policy's coverage. While no Illinois court to our knowledge has yet had an occasion to consider this latter principle, it has been recognized by other jurisdictions. To hold otherwise would allow the insurer to construct a formal fortress of the pleadings and to retreat behind its walls, thereby succcessfully ignoring true but unpleaded facts within its knowledge that require it, under the insurance policy, to conduct the putative insured's defense.

25 Ill.Dec. at 265, 386 N.E.2d at 535.

The *Associated Indemnity* court stopped short of requiring an insurer to conduct an independent investigation of the facts underlying the complaint, ruling only that:

an insurance carrier may not ignore *unpleaded facts within its knowledge* which it knows to be correct and which, when taken together with the complaint's allegations, indicates that *the claim asserted* against the putative insured is potentially within the coverage of the insurance policy.

25 Ill.Dec. at 266, 386 N.E.2d at 537 (emphasis in original). The court was also careful to point out that it did not face:

a situation ... where the insurer was informed of certain "alleged" extraneous facts by, *e.g.*, the insured, which the insurer has no way of knowing were in fact correct. To hold the insurer to such facts would amount to a requirement of a reasonable investigation, since the insurer could not reasonably rely on what it was told the "actual" facts were and yet if it did nothing, and the facts proved to be correct, it would be open to possible liability for refusing to tender a defense.

*Id.* at 265 n. 5, 386 N.E.2d at 536 n. 5. Such an investigation *could* be undertaken and the insurer would then be bound by its discoveries, *see LaRotunda*, 42 Ill.Dec. at 225, 408 N.E.2d at 928; an investigation was not however required.

The policy that Nordquist has with Economy provides that:

If a claim is made or suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, [Economy] will: (a) Pay up to our limit of liability for the damages for which the insured is legally liable; and (b) provide a defense at our expense by counsel of choice.

"Bodily injury" is defined within the policy as "bodily harm, sickness or disease, including care, loss of services, and death resulting therefrom." While Nordquist initially argues that the allegations in the complaint that plaintiff's discharge has caused him to sustain emotional rigor and mental distress arguably fall within the policy's definition of "bodily injury", the only two courts to this court's knowledge to have considered this contention have rejected it. *See, e.g., Farm Bureau Mutual Insurance Co. of Michigan v. Hoag*, 136 Mich.App. 326, 356 N.W.2d 630 (1984); *Rolette County v. Western Casualty & Surety Co.*, 452 F.Supp. 125 (D.N.D.1978).

During the pendency of these motions, plaintiff's deposition was taken. Plaintiff testified that because of his discharge he now has high blood pressure and is on medication. Plaintiff also claims that he has had a knee operation with subsequent arthritis, a fractured cheek bone, and a hand injury. Plaintiff alleges that these injuries are all causually related to his discharge. Plaintiff further claims that since his discharge he has suffered bouts of depression resulting in general lethargy, headaches, stomach pains and diarrhea.

Nordquist brings these allegations to the court's attention to further support his claim that plaintiff's injuries constitute "bodily injuries" within the meaning of the insurance policy. Economy counters that these "facts" are an attempt to establish coverage.

**312**

Economy does not know the facts concerning plaintiff's physical condition to be correct. [Economy] suspect[s] that [Nordquist] does not know them to be correct, and denies the accuracy of them. Economy's Reply at 2. Economy asserts that these "facts" are like the " 'alleged' extraneous facts by, *e.g.* the insured, which the insurer has no way of knowing [to be] in fact correct" spoken of in *Associated Indemnity.* 25 Ill.Dec. at 265 n. 5, 306 N.E.2d at 536 n. 5.

The problem with Economy's position is that these "facts" are not simply speculation by the putative insured, but are allegations by the injured *plaintiff* of bodily harm. To be sure, Economy has no way of knowing at this point the veracity of plaintiff's claims. This is true however with most if not all of the allegations of injury that were originally plead in the complaint. Federal court "notice pleading" does not require the detailed averments of the Illinois courts and a complaint's lack of specificity as to extent of injury should not remove a duty to defend where one might otherwise exist.

The fact that Nordquist might not know these facts to be correct and might deny their accuracy similarly does not destroy their applicability in determining Economy's duty to defend. Had these facts been plead in plaintiff's complaint and had Economy determined based on these allegations that it owed Nordquist a duty to defend, its subsequent denial of these allegations would not have removed its duty to defend. This conclusion is not altered merely because Nordquist rather than Economy denies their accuracy.

While it is highly questionable whether many of these injuries will ultimately provide a basis for recovery should plaintiff succeed in his case, they are nonetheless sufficient to trigger Economy's duty to defend. As shown above, Illinois law provides that even "groundless, false or fraudulent" allegations will support a duty to defend. This court cannot say that these allegations *clearly* fall outside of the policy's definition of "bodily injury". Since all doubts are to be resolved in favor of Nordquist as the insured, Economy has the duty to defend Nordquist in this case.

The facts as they come out at trial will ultimately establish Economy's liability under the policy. Given that the duty to defend was not apparent from the complaint and was only narrowly found based on plaintiff's deposition taken during the pendency of this motion, this court will not estop Economy from later denying coverage under the policy. This order merely holds that Economy has the duty to defend Nordquist through trial.