Martin K. DAHLKE and Deborah S. Dahlke, Husband and Wife, Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

Martin K. DAHLKE; Deborah S. Dahlke; The Estate of Brian John Dahlke by Martin K. Dahlke (Administrator); Martin E. Dahlke, A Minor, by His Next Friend, Deborah S. Dahlke; and Christy M. Dahlke, A Minor, by Her Next Friend, Deborah Dahlke, Plaintiffs,

v.

Robin SAVAGE, Defendant.

No. 89–314.

Supreme Court of Iowa.

Feb. 21, 1990.

Lloyd R. Bergantzel, Council Bluffs, for appellants.

Dennis M. Gray and Lyle W. Ditmars of The Peters Law Firm, P.C., Council Bluffs, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, SNELL and ANDREASEN, JJ.

LARSON, Justice.

Martin and Deborah Dahlke owned three vehicles which were insured by State Farm Mutual Automobile Insurance Company (State Farm). The policies of insurance provided coverage for "bodily injury" sustained by the insureds and caused by uninsured motorists. The issue in this case is whether the psychological and physical effects on Dahlkes arising out of the loss of their son, who was killed in a collision with an uninsured driver, are "bodily injuries" under the State Farm policies. We hold that they are not.

The facts are not in dispute. On December 11, 1987, sixteen-year-old Brian Dahlke was fatally injured in an accident when the car he was driving was hit head-on by a car driven by Robin Savage, an uninsured driver. Brian's younger brother and sister, passengers in his car, were injured. Brian's car, like his parents', was insured with State Farm. His policy included uninsured motorist coverage of $5000 per person for medical expenses and $25,000 for bodily injury to each person, with a maximum bodily injury limit of $50,000 for each accident. State Farm paid the total of its policy limits of $65,000 under Brian's insurance, and his policy is not in issue here.

Brian's parents, plaintiffs in this action, filed claims against State Farm for "bodily injury" resulting from Brian's death, claiming that their "injuries" were caused by an uninsured motorist within the meaning of their policies. State Farm denied payment, and Dahlkes filed suit.

The policy provided for damage by uninsured motorists in this language, in "Coverage U":

> We will pay for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.

State Farm moved for summary judgment, claiming that an endorsement to Dahlkes' policies prevented "stacking" of uninsured motorist coverage so that no compensation over and above the proceeds of Brian's insurance could be collected. Dahlkes filed a resistance to the motions for summary judgment and attempted to show they had suffered bodily injury under "Coverage U" by attaching an affidavit by a psychologist which stated that

> the Dahlke family has suffered significant distress since this accident a year ago. The question before us [the Dahlkes and their psychologist] is whether there has been "bodily injury" to the Dahlkes as a result of this accident....
>
> There has been bodily injury to the Dahlkes as a result of the aforementioned accident: to each of them, separately, and to both of them, corporately.

The affidavit continued:

> The Dahlkes each are suffering serious such psychological depression manifested by the classic symptoms of (a) sleep disturbance, (b) physical disturbance (stom-

ach, head, legs), (c) energy disturbance (very low), (d) thought disturbance, and (e) relationships disturbance (family, friends, marital).

The report concluded that "the Dahlkes should be seen as bodily damaged from the accident incident" and that they "should attend to these bodily injuries."

■ Dahlkes contend that this affidavit created an issue of fact as to their "bodily injury" at least sufficient to withstand a motion for summary judgment, and a contract for insurance should be interpreted from the viewpoint of an ordinary person, not a specialist or an expert. *See Benzer v. Iowa Mut. Tornado Ins. Ass'n,* 216 N.W.2d 385, 388 (Iowa 1974); *Rodman v. State Farm Mut. Auto. Ins. Co.,* 208 N.W.2d 903, 906 (Iowa 1973).

■ The policy's definition of "bodily injury" is of little help. It simply says "Bodily Injury—means bodily injury to a *person* and sickness, disease or death which results from it." Black's Law Dictionary 221 (4th ed. 1951) provides a little more guidance. It defines "bodily injury" as

Any physical or corporeal injury; not necessarily restricted to injury to the trunk or main part of the body as distinguished from the head or limbs. A physical injury only. A cut, bruise or wound. A localized abnormal condition of the living body. An injury caused by external violence.

(Citations omitted.)

In *Lepic v. Iowa Mutual Insurance Co.,* 402 N.W.2d 758 762 (Iowa 1987), we held that parents' loss of consortium as a result of injuries to their children was not a "bodily injury" under an uninsured motorist provision. In *Lepic,* we recognized that the loss of consortium may be a *personal* injury to a person who has lost a spouse or child. *See, e.g., Madison v. Colby,* 348 N.W.2d 202, 207 (Iowa 1984) (recovery by spouse); *Handeland v. Brown,* 216 N.W.2d 574, 576 (Iowa 1974) ("rule 8" claim by parent for loss of consortium of child). However, we declined in *Lepic* to expand on those cases by holding that such losses may also be considered *bodily* injuries. 402 N.W.2d at 763.

Other jurisdictions have taken a similar view of "bodily injury" under analogous circumstances. *See, e.g., Mutual Serv. Casualty Ins. Co. v. Co-op Supply, Inc.,* 699 F.Supp. 1438, 1440 (D.Mont.1988) (bodily injury did not include claims for humiliation, pain and mental and emotional distress); *Rolette County v. Western Casualty & Surety Co.,* 452 F.Supp. 125, 130 (D.N.D.1978) (bodily injury did not include nonphysical harm); *Daley v. United Servs. Auto Ass'n,* 312 Md. 550, 552, 541 A.2d 632, 633 (1988) (consortium-type damages are not bodily injury damages); *New Hampshire Ins. Co. v. Bisson,* 122 N.H. 747, 748, 449 A.2d 1226, 1227 (1982) (loss of consortium is not bodily injury); *Northwest Farm Bureau Ins. Co. v. Roberts,* 52 Wash.App. 888, 889, 765 P.2d 328, 330 (1988) (bodily injury under homeowner's liability policy did not cover negligent infliction of emotional distress).

We think the term "bodily injury" is clear on its face and does not include the physical manifestations of the parents' loss here. Accordingly, we affirm the district court's dismissal of the case.

AFFIRMED.