**WEST TRUCKING LINE, INC., Appellant,**

v.

**NORTHLAND INSURANCE COMPANY, Appellee.**

No. 89–406.

Supreme Court of Iowa.

July 18, 1990.

As Corrected Aug. 6, 1990.

Sara Riley Brown of Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

Roy M. Irish of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN and ANDREASEN, JJ.

ANDREASEN, Justice.

West Trucking Line, Inc. (West) purchased a commercial automobile insurance policy from Northland Insurance Company (Northland). The policy provides liability, comprehensive, uninsured and underinsured motorist coverage. During the ef-

fective period of the policy a truck owned by West was involved in an accident. West brought suit against Northland when its claim for property damage under the underinsured motorist provision was denied by the insurer.

The district court found there is no coverage under the underinsured motorist provision of the insurance policy for property damage. It granted Northland's motion for summary judgment and dismissed the suit. The court of appeals reversed. We granted further review and now vacate the decision of the court of appeals and affirm the district court.

We review the district court's granting of summary judgment for correction of errors at law. Iowa R.App.P. 4. Summary judgment is appropriate when the moving party has demonstrated the absence of any genuine issue of material fact and has shown entitlement to judgment as a matter of law. Iowa R.Civ.P. 237(c).

## I. *Insurance Policy Interpretation.*

 The issue raised in this appeal is whether West is entitled to recover for property damage under the underinsured motorist provisions of the insurance policy issued by Northland. When interpreting the language of a contract of insurance, we are guided by well-established principles. In the construction of written contracts, the cardinal principle is that the intent of the parties must control; and except in cases of ambiguity, this is determined by what the contract itself says. Iowa R.App.P. 14(f)(14). Ambiguity exists if, after the application of pertinent rules of interpretation to the policy words, a genu-

ine uncertainty results as to which one of two or more meanings is the proper one. *Grinnell Mut. Reinsurance Co. v. Voeltz,* 431 N.W.2d 783, 785 (Iowa 1988). Ambiguity does not exist merely because the parties disagree as to the meaning of a particular term. *North Star Mut. Ins. Co. v. Holty,* 402 N.W.2d 452, 454 (Iowa 1987). When there is no ambiguity, we will not write a new contract of insurance between the parties nor will we strain the words and language of the policy to impose liability that was not intended or purchased. *Moncivais v. Farm Bureau Mut. Ins. Co.,* 430 N.W.2d 438, 440 (Iowa 1988). Ambiguity is not present merely because the provision could have been worded more clearly than it was. *Cairns v. Grinnell Mut. Reinsurance Co.,* 398 N.W.2d 821, 824 (Iowa 1987). We construe ambiguous insurance policy provisions in a light favorable to the insured because insurance policies constitute adhesion contracts. *Id.*

## II. *Determination of the Ambiguity Issue.*

Here, the insurance policy states:

We will pay: (1) all sums the insured is legally entitled to recover as damages from the owner or driver of the uninsured motor vehicle. The damages must result from bodily injury sustained by the insured, caused by the accident.

The schedule of coverages shown on the declarations page clearly provides West with uninsured motorist coverage including underinsured motorist coverage. The material part of the declarations page is as follows:

| ITEM TWO—SCHEDULE OF COVERAGES AND COVERED AUTOS | | | |
|---|---|---|---|

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those autos shown as Covered Autos. Autos are shown as Covered Autos for a particular coverage by the entry of one or more of the Symbols from ITEM SIX next to the name of the coverage.

| Covered Autos | COVERAGES | LIMITS OF LIABILITY | PREMIUM |
|---|---|---|---|
| | (1) BODILY INJURY-BI | $ each person $ each accident | $ |
| | (2) PROPERTY DAMAGE-PD | $ each accident | $ |
| 46 | COMBINED (1) AND (2)-CSL | $ 1,000,000. each accident | $ 13,333.00 |
| | PERSONAL INJURY PROT (PIP)-PIP (or equivalent No-Fault coverage) | Separately Stated in each PIP endorsement | $ |
| | ADDED PIP (or equivalent No-Fault coverage) | Separately Stated in each added PIP endorsement | $ |
| | PROPERTY PROTECTION-PPI (Michigan Only) | Separately Stated in PPI endorsement | $ |
| | AUTO MEDICAL PAYMENTS | $ | $ |
| 46 | UNINSURED MOTORISTS-UM BI [X] Includes Underinsured PD Motorists-UIM CSL | $ each person $ each accident $ each accident $ 500,000. each accident | $ $ $ 95.00 $ |
| 46a | CARGO | $ See Schedule of Policy less the deductible $250 per covered auto | $ 2,001.00 $ |
| | COMPREHENSIVE | | $ |
| 46 | SPECIFIED PERILS | Stated Amount, Actual Cash Value or Cost of | $ 2,473.00 |
| 46 | COLLISION | Repairs, whichever is less minus the deductible. | $ 7,989.00 |
| | | | $ |

ADDITIONAL PREMIUM PER ENDORSEMENTS: $

FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT IT'S INCEPTION: $

T-001, T-006, T-007, TF-068, A910b, T-004, T-083, T-048, MCS-90, A1208, TF-029

| ESTIMATED TOTAL PREMIUM (Refer to ITEM SIX for explanation) | $ 25,891.00 |
|---|---|

West urges the schedule of coverage provides property damage and bodily injury coverage for a combined single limit of $500,000 under the underinsured motorist provision.

The trial court held the policy clearly shows there is no underinsured motorist coverage for property damage. The court of appeals concluded the declarations page indicates both property damage and bodily injury coverage. Because of the perceived ambiguity, it construed the policy coverage favorably to the insured and held that West is covered for property damage under the policy.

■ We agree with the trial court that the insurance policy is not ambiguous in defining its uninsured and underinsured motorist coverage. The policy clearly states the damages must result from bodily injury. The term "bodily injury" is clear on its face. *Dahlke v. State Farm Bureau Mut. Auto. Ins. Co.,* 451 N.W.2d 813, 815 (Iowa 1990). The policy language expressly limits the coverage to bodily injury damages and is easily understandable to an ordinary person. This is not a case where broad coverage is diminished by specific exceptions or exclusions. The coverage provided is that required to be offered under Iowa Code section 516A.1 (1987). The declarations page makes no attempt to define the various coverages offered; it

merely identifies them, and sets the limits of liability and the amount of the premium. The abbreviation CSL is understood by both parties to mean combined single limit. CSL relates only to the limit of liability, not the risk covered. Although the liability coverage identified on the declarations page expressly combines both bodily injury and property damage with a combined single limit of $1 million, the underinsured motorist coverage does not expressly combine bodily injury and property damage.

### III. *Doctrine of Reasonable Expectations.*

■ West urges that even if there is no ambiguity in the policy terms, property damages should be allowed because of the doctrine of reasonable expectations. In *Rodman v. State Farm Mutual Auto Insurance Co.,* 208 N.W.2d 903, 906 (Iowa 1973), we first recognized this doctrine and explained that the objectively reasonable expectations of applicants and intended beneficiaries of insurance policies will be honored even though painstaking study of the policy provisions would have negated those expectations. The doctrine will apply if the exclusion (1) is bizarre or oppressive, (2) eviscerates terms explicitly agreed to, or (3) eliminates the dominant purpose of the transaction. *Farm Bureau Mut. Ins.*

*Co. v. Sandbulte*, 302 N.W.2d 104, 112 (Iowa 1981). Reasonable expectations may be established by proof of the underlying negotiations or inferred from the circumstances. *Id.*

 The affidavit of Linda West, filed with the resistance to the summary judgment, does not address the underlying negotiations. The affidavit states her interpretation of the policy provision based upon her review of the declarations page and the body of the insurance policy. There are no circumstances attributable to the insurer which would lead West or any reasonable person to expect property damage would be covered under the underinsured motorist provisions. *See AID (Mut.) Ins. v. Steffen*, 423 N.W.2d 189, 191 (Iowa 1988).

The affidavit does not create a genuine issue of material fact. Northland is entitled to judgment as a matter of law.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.